UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

MITCHELL WEST,                )
                              )
            Plaintiff,        )
                              )
      v.                      )      No. 1:19-CV-0093 RWS
                              )
UNKNOWN BOWERS, et al.,       )
                              )
            Defendants.       )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the filing of plaintiff's complaint. The complaint is defective because it has not been drafted on the Court's form. *See* E.D. Mo. Local Rule 2.06(A). Additionally, plaintiff must either pay the filing fee or file a motion to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). For the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint, along with the accompanying motion to proceed in forma pauperis.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915, the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible

claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**Background**

Plaintiff brought the instant action pursuant to 42 U.S.C. § 1983. In his handwritten complaint he alleges that he was incarcerated at Southeastern Correctional Center ("SECC") in May of 2019, and he had been placed in restraints and placed on a "restraint" bench while awaiting placement in protective custody. Plaintiff claims that when he was told whom he was going to be placed in a cell with, he determined that the individual was on his enemy list, and he requested a new cellmate. Plaintiff states that defendants told him that he would not be receiving a new inmate and that he could remain on the restraint bench all night and tightened his restraints in punishment for his refusal to cell with his enemy. Plaintiff claims he is bringing excessive force claims against

the six listed defendants in this action, although he has not articulated the specific damages he is seeking nor the capacities he is suing defendants under.

**Discussion**

This action, as currently written, is subject to dismissal. First, plaintiff has not adequately alleged capacity in this lawsuit. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted.

Additionally, the complaint fails to adequately allege facts showing how each named defendant was personally aware of and disregarded a substantial risk to plaintiff's health or safety. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990), *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Plaintiff cannot hold the defendants liable simply because they held supervisory or administrative positions. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in respondeat superior are not cognizable under § 1983). Rather, plaintiff must specify what each particular defendant did to violate his purported rights under the Constitution.

To the extent plaintiff believes his medical needs or his physical needs were denied, plaintiff must articulate exactly what those medical needs were and whether they were sufficiently serious that a reasonable official could have and should have known the risks to his health.

Last, to the extent plaintiff believes that he was retaliated against for exercising a constitutional right, he must succinctly state the right he believes he was exercising, the person he believes retaliated against him, and what actions that purported retaliatory actions were taken by defendant.

The Court will give plaintiff the opportunity to file an amended complaint to set forth his claims for relief. Plaintiff is advised that the amended complaint will replace the original. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and he must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiff must type, or very neatly print, the amended complaint.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. Plaintiff should also indicate whether he intends to sue the defendant in his or her individual capacity, official capacity, or both.[1] Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim.

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write the specific facts supporting his claim or claims against the defendant. If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.

Additionally, plaintiff must file a motion to proceed in forma pauperis, accompanied by his prison account statement, or pay the full filing fee, within thirty (30) days of the date of this Memorandum and Order.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the motion to proceed in forma pauperis form for prisoners.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court's form within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $400 filing fee **or** submit a motion to proceed in forma pauperis within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff files a motion to proceed in forma pauperis, he must also file a certified copy of his prison account statement for the six-month period preceding the filing of the complaint.

**Plaintiff's failure to timely comply with this Order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 18th day of July, 2019.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE